## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID DELVALLE,

     Plaintiff,

v.                                Case No. 8:23-cv-2451-WFJ-AAS

PEDRO HEREDIA,

     Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court on *pro se* Plaintiff David Delvalle's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon initial screening, *see* 28 U.S.C. § 1915A, the Court concludes that Mr. Delvalle states a plausible claim under the First Amendment's Free Exercise Clause. The remaining claims are, however, subject to dismissal without prejudice.

## I.     Background

Mr. Delvalle is an Orthodox Jewish inmate of the Florida Department of Corrections. (Doc. 1 at 2, 4). He follows the "instruction provided in Leviticus [] and Acts," which requires him to observe a kosher diet. (*Id.* at 3-4). For several years, Mr. Delvalle participated in the Department of Corrections' Religious Diet Program ("RDP"), which apparently allowed him to receive kosher meals. (*Id.* at 4; *see also* Doc. 1-1 at 3-4). In February 2021, he underwent "laparoscopic hernia surgery that unfortunately went wrong." (Doc. 1-1 at 4). As a result, his "stomach was unable to process [] uncooked vegetables,"

and he was forced to quit the RDP. (*Id.*) Following a "healing period," Mr. Delvalle "explained his situation" and asked to be put back on the RDP. (Doc. 1 at 4-5). Pedro Heredia, the chaplain at Avon Park Correctional Institution, denied the request "for no reason." (*Id.*) Mr. Heredia allegedly sought to "discourage" Avon Park inmates such as Mr. Delvalle from participating in the RDP by "denying [their requests] for fictitious reasons." (*Id.* at 5). Mr. Delvalle claims he is now "on the vegan diet but [it] does not meet the dietary law of [his] religion." (*Id.*) He also alleges that he is "having mental issues about not following [his] God." (*Id.*)

Mr. Delvalle sues Mr. Heredia in his individual and official capacities, alleging violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the First Amendment, the Eighth Amendment, and the Fourteenth Amendment. (*Id.* at 3). As relief, Mr. Delvalle seeks "to be placed back on the RDP." (*Id.* at 5). He also requests $15,000 in punitive damages. (*Id.*) As noted above, Mr. Heredia is the chaplain at Avon Park, but Mr. Delvalle no longer resides at that facility, having been transferred to Santa Rosa Correctional Institution after the filing of the complaint. (Doc. 16).

II.   **Discussion**

A.   **RLUIPA**

Mr. Delvalle appears to allege that Mr. Heredia violated RLUIPA by denying his request to be placed back on the RDP. RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). Under RLUIPA, "[o]nce a plaintiff proves that a

challenged practice substantially burdens his religious exercise, the burden shifts to the defendant to show that the policy is the least restrictive means of furthering a compelling government interest." *Rich v. Sec'y, Fla. Dep't of Corr.*, 716 F.3d 525, 532 (11th Cir. 2013).

Although Mr. Delvalle pleads an actionable RLUIPA claim, he cannot pursue that claim against Mr. Heredia, the sole named defendant. Mr. Delvalle seeks two forms of relief in this lawsuit: punitive damages and an injunction requiring Mr. Heredia to put him back on the RDP. (Doc. 1 at 5). Mr. Delvalle cannot obtain punitive damages under RLUIPA because that statute "does not authorize claims for monetary damages against prison officials in their individual or official capacities." *Surdakowski v. Dixon*, No. 4:22-cv-468-WS-MAF, 2023 WL 4033603, at *6 (N.D. Fla. Apr. 27, 2023) (collecting cases), *adopted by* 2023 WL 4029658 (N.D. Fla. June 15, 2023); *see also Robbins v. Robertson*, 782 F. App'x 794, 801 n.4 (11th Cir. 2019) ("[T]he district court correctly concluded that RLUIPA does not create a cause of action against state officials in their individual capacities, and sovereign immunity bars RLUIPA claims for money damages against state officials in their official capacities." (citation omitted)).

Furthermore, the request for injunctive relief against Mr. Heredia is moot because Mr. Delvalle no longer resides at Avon Park, the facility where Mr. Heredia serves as chaplain. "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief" even when "there is no assurance that he will not be returned to the jail." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). And "a claim for injunctive relief can stand only against someone

who has the authority to grant it." *Kline v. Edwards*, No. 3:21-cv-1003-LAC-ZCB, 2024 WL 780782, at *12 (N.D. Fla. Jan. 24, 2024), *adopted by* 2024 WL 776703 (N.D. Fla. Feb. 26, 2024). There is no indication that Mr. Heredia—the chaplain at Avon Park—has the authority to provide Mr. Delvalle with a kosher diet at his current facility, Santa Rosa. Thus, "an injunction directing [Mr. Heredia] to provide [Mr. Delvalle] with [a kosher diet] would be an empty order, as [Mr. Heredia] no longer ha[s] any ability to provide" that relief to Mr. Delvalle. *Robbins*, 782 F. App'x at 800; *see also Jordan v. Sosa*, 654 F.3d 1012, 1028-29 (10th Cir. 2011) (noting that "a transferred prisoner's" request for injunctive relief "is moot where he seeks equitable relief and *only* sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated").

Because Mr. Delvalle cannot obtain the requested relief under RLUIPA against Mr. Heredia, his RLUIPA claim must be dismissed without prejudice.

### B.    First Amendment

Mr. Delvalle also alleges that Mr. Heredia violated the Free Exercise Clause of the First Amendment. "To plead a valid free exercise claim, [a plaintiff] must allege that the government has impermissibly burdened one of his sincerely held religious beliefs." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007). "Although prison inmates retain protections afforded by the First Amendment's Free Exercise Clause, prison officials may impose limitations on an inmate's exercise of sincerely held religious beliefs if the limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

Mr. Delvalle states a plausible free exercise claim. He alleges that his religious beliefs as an Orthodox Jew require him to follow a kosher diet, that Mr. Heredia unreasonably denied his request to receive that diet, and that as a result he has suffered from "mental issues about not following [his] God." (Doc. 1 at 5). Taken as true, these allegations are sufficient to plead that Mr. Heredia "impermissibly burdened one of [Mr. Delvalle's] 'sincerely held religious beliefs.'" *Watts*, 495 F.3d at 1294. The question becomes whether the denial of Mr. Delvalle's request to be put back on the RDP was "reasonably related to legitimate penological interests." *Johnson*, 581 F. App'x at 780. This case is still at the "preliminary-screening stage," and Mr. Heredia has not had an opportunity to "respond[] to [Mr. Delvalle's] allegations." *Id.* at 781. As a result, it is unclear "what justifications [he] may provide for these alleged actions." *Id.* Thus, "the facts surrounding [Mr. Heredia's] justification for [his] alleged interference with [Mr. Delvalle's] religious practices must [] be developed before a determination can be made as to whether [Mr. Heredia] acted reasonably." *Id.* At this early stage of the proceedings, the free exercise claim may proceed against Mr. Heredia in his individual capacity.

For the reasons explained above, however, Mr. Delvalle cannot obtain injunctive relief against Mr. Heredia for the alleged First Amendment violations. Nor can Mr. Delvalle receive monetary damages against Mr. Heredia in his official capacity. *See Nestor v. Day*, No. 8:20-cv-265-CEH-TGW, 2021 WL 3617418, at *8 (M.D. Fla. Aug. 16, 2021) ("Because State Defendants sued in their official capacities are not persons under § 1983, they cannot be sued for money damages."). But Mr. Delvalle may ultimately be able to

prove entitlement to punitive damages against Mr. Heredia in his individual capacity.[1] *See Barnett v. MacArthur*, 715 F. App'x 894, 905 (11th Cir. 2017) ("Punitive damages are appropriate in § 1983 cases where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights."). Accordingly, the free exercise claim may proceed against Mr. Heredia only in his individual capacity.

### C.   Eighth Amendment

Mr. Delvalle fails to state an Eighth Amendment claim based on the denial of his request to receive a kosher diet. To establish an Eighth Amendment violation, a prisoner must make "a two-prong showing": (1) "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities'" and (2) "a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Eighth Amendment "requires that prisoners be provided reasonably adequate food." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." *Id.* Moreover, "[n]either [the Eleventh Circuit] nor the Supreme Court have ever held that the Eighth Amendment requires prison officials to indulge inmates' dietary preferences—regardless of whether those preferences are dictated by religious, as opposed to non-religious, reasons." *Robbins*, 782 F. App'x at 805.

---

[1] The question of whether Mr. Heredia's "acts and omissions are factually enough to warrant an award of punitive damages is an inquiry not suited for determination at the [screening] stage." *Brown v. Martinez*, No. 23-20058-CIV, 2023 WL 5036369, at *9 (S.D. Fla. Aug. 8, 2023).

Mr. Delvalle fails to allege facts showing that his non-kosher, vegan diet lacks "sufficient nutritional value to preserve health." *Hamm*, 774 F.2d at 1575. Although Mr. Delvalle claims that he "cannot consume most of the foods because they are outside the scope of [his] belief," (Doc. 1 at 5), he does not plausibly allege that the food he *can* consume is insufficient to provide "reasonably adequate" nutrition. *Hamm*, 774 F.2d at 1575. Nor does he allege that Mr. Heredia knowingly disregarded "a risk of serious harm" by denying his request to be placed back on the RDP. *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). Accordingly, the Eighth Amendment claim is dismissed without prejudice. *See Robbins*, 782 F. App'x at 804 (noting that "a prison's failure to provide meals compliant with the dietary rules of a prisoner's faith" does not "necessarily" support an Eighth Amendment violation).

### D.    Fourteenth Amendment

Mr. Delvalle cites the Fourteenth Amendment, but he does not explain how the allegations in the complaint establish a violation of that constitutional provision. To the extent that he seeks to bring an equal protection claim, he fails to allege facts showing that "(1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).

Mr. Delvalle may have intended to bring a procedural due process claim, which requires proof of "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). But even assuming the existence of a liberty interest

in a kosher diet, Mr. Delvalle fails to adequately allege that Mr. Heredia provided "constitutionally-inadequate process" by denying his request to be put back on the RDP. *Id.*; *see also Buskirk v. Johnson*, No. 21-cv-9065-MWF-JEM, 2023 WL 6851734, at *5 (C.D. Cal. May 31, 2023) ("Even assuming that Plaintiff can demonstrate a liberty interest in participating in the kosher diet program at [the prison], there are no allegations regarding what process Plaintiff should have been provided, but was not, before his request was denied."), *adopted by* 2023 WL 6851737 (C.D. Cal. June 27, 2023). Thus, the Fourteenth Amendment claim is dismissed without prejudice.

## III.    Conclusion

Accordingly, it is **ORDERED** that:

1.    The claims under RLUIPA, the Eighth Amendment, and the Fourteenth Amendment are **DISMISSED without prejudice**.

2.    The free exercise claim against Mr. Heredia in his individual capacity may **PROCEED**.

3.    No later than **May 28, 2024,** Mr. Delvalle must either (1) file an amended complaint that includes all claims that he wishes the Court to consider, or (2) file a notice informing the Court that he wishes to proceed only on the free exercise claim against Mr. Heredia.

   a.    If Mr. Delvalle chooses to proceed only on the free exercise claim, Mr. Heredia must file his answer within **TWENTY-ONE DAYS** of the date Mr. Delvalle files his notice with the Court.

b.  If he chooses to amend his complaint, Mr. Delvalle must complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Delvalle's claims and may not refer back to, or incorporate, the complaint. Any amended complaint will be subject to initial screening under 28 U.S.C. § 1915A.

4.  Mr. Delvalle must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

5.  The Clerk is **DIRECTED** to mail to Mr. Delvalle a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on April 26, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

- 9 -